BRENT P. LORIMER (USB No. 3731)
*blorimer@wnlaw.com*
SETH W. BLACK (USB No. 12033)
*sblack@wnlaw.com*
WORKMAN | NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah  84111
Telephone:  (801) 533-9800
Facsimile:  (801) 328-1707

Attorneys for Plaintiff
LIFETIME PRODUCTS, INC.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| LIFETIME PRODUCTS, INC., a Utah corporation, | Civil Action No. 1:12-cv-00026-DN |
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| RUSSELL BRANDS, LLC, D/B/A SPALDING, a Delaware limited liability company, | |
| Defendant. | Honorable Magistrate Judge David Nuffer |

Plaintiff Lifetime Products, Inc. complains and alleges against Defendant Russell Brands, LLC, d/b/a Spalding, as follows:

### THE PARTIES

1.      Plaintiff Lifetime Products, Inc. (hereinafter "Lifetime" or "Plaintiff") is a Utah corporation with a principal place of business at Freeport Center, Building D-11, Clearfield, Utah 84016.

2.      Upon information and belief, Defendant Russell Brands, LLC, d/b/a Spalding (hereinafter "Russell" or "Defendant"), is a Delaware limited liability company with a principal place of business at One Fruit of the Loom Drive, Bowling Green, Kentucky 42102.

## NATURE OF THE CLAIMS

3.      This is an action for patent infringement.  The products accused of infringement are basketball backboard assemblies made, used, offered for sale, sold and/or imported by Defendant  in or into the United States, including sales and offers for sale within this judicial district.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281, 283, 284, and 285.

5.      This Court has subject matter jurisdiction over Lifetime's claims for relief pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Upon information and belief, Defendant has sold or contracted for the sale of infringing goods within the State of Utah or induced others to sell or contract for the sale of infringing goods within the State of Utah.  These actions by Defendant have resulted in injury to Lifetime and relate to, and in part give rise to, the claims asserted herein by Lifetime.

7.      This Court's exercise of personal jurisdiction over Defendant is consistent with the Constitutions of the United States and the State of Utah.  Moreover, this Court has personal jurisdiction over Defendant pursuant to the Utah Long Arm Statute, Utah Code Ann. § 78B-3-205.

8.      Pursuant to 28 U.S.C. § 1391(c), Defendant is deemed to reside in this judicial district for purposes of venue.

9.      Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1400(b).

## BACKGROUND

10.      Lifetime is the world's leading manufacturer of residential basketball hoops and folding tables and chairs, a position achieved by applying innovation and cutting-edge technology in plastics and metals to develop new products having superior strength and durability.

11.      Lifetime's technological innovations in the field of basketball backboard assemblies are protected, *inter alia*, by a portfolio of utility patents which includes United States Patent No. 7,749,111 (hereinafter "the '111 Patent"), a true and correct copy of which is attached hereto as Exhibit A.

12.      Lifetime is the owner by assignment of the '111 Patent.

13.      Lifetime has not licensed Defendant to practice the '111 Patent and Defendant does not have any right or authority to license others to practice the '111 Patent.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Infringement of the '111 Patent

14.      Lifetime restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

15.      Defendant makes, sells, offers for sale, and/or imports in and into  United States basketball backboard assemblies falling within the scope of at least claim one of the '111 Patent, including but not limited to Spalding brand basketball backboard assembly model numbers

66307, 66365T, 66538T, and 77537T.  Such conduct constitutes infringement under 35 U.S.C. 271.

16.     By at least the activities alleged in the preceding paragraph, Defendant has infringed, continues to infringe, and, unless and until enjoined by this Court, will continue to infringe the '111 Patent.

17.     On or about October 28, 2011, Lifetime placed Defendant on notice of the issuance of the '111 patent and the fact that Defendant's products infringe that patent.

18.     Notwithstanding notice from Lifetime, Defendant continues to make, use, sell, offer for sale and/or import infringing products.

19.     Defendant's infringement of the '111 Patent has been willful and in deliberate disregard of Lifetime's rights.

20.     Lifetime is entitled to injunctive and monetary relief against Defendant, pursuant to 35 U.S.C. §§ 283, 284, and 285, as more fully set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Lifetime requests that the Court grant Lifetime the following relief:

1.     A judgment finding Defendant liable for infringement of the '111 Patent;

2.     An order temporarily, preliminarily, and permanently enjoining Defendant, its agents and servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner the '111 Patent, whether by making, using, selling, offering to sell, or importing in the United States any basketball backboard assembly falling within the scope of any claims of the '111 Patent, pursuant to at least 35 U.S.C. § 283;

3.     An order requiring Defendant to destroy its entire stock of infringing products within the United States, pursuant to at least 35 U.S.C. § 283;

4

4.      An award of damages, in an amount to be proven at trial, and a determination that such damages be trebled in view of the willful infringement by Defendant, pursuant to at least 35 U.S.C. § 284;

5.      An award of pre-judgment interest, pursuant to at least 35 U.S.C. § 284;

6.      An award of costs in bringing this action, pursuant to at least 35 U.S.C. § 284;

7.      A declaration that this is an exceptional case and an award of attorneys' fees and expenses, pursuant to at least 35 U.S.C. § 285;

8.      An award of post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

9.      All other relief which this Court in its discretion deems just, proper, and equitable.

## JURY DEMAND

Lifetime hereby demands a trial by jury on all issues so triable.


DATED this 10th day of February, 2012.

WORKMAN | NYDEGGER


By: _/s/ Brent P. Lorimer____
BRENT P. LORIMER (USB No. 3731)
*blorimer@wnlaw.com*
SETH W. BLACK (USB No. 12033)
*sblack@wnlaw.com*
WORKMAN | NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah  84111
Telephone:  (801) 533-9800
Facsimile:  (801) 328-1707

Attorneys for Plaintiff
LIFETIME PRODUCTS, INC.