BRENT P. LORIMER (USB No. 3731)
*blorimer@wnlaw.com*
DAVID P. JOHNSON (USB No. 13260)
*djohnson@wnlaw.com*
WORKMAN NYDEGGER
60 East South Temple, Ste. 1000
Salt Lake City, UT  84111
Telephone:  (801) 533-9800
Facsimile:  (801) 328-1707

Attorneys for Plaintiff
LIFETIME PRODUCTS, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LIFETIME PRODUCTS, INC., a Utah corporation,<br><br>          Plaintiff,<br><br>v.<br><br>RUSSELL BRANDS, LLC, D/B/A SPALDING, a Delaware limited liability company,<br><br>          Defendant. | Civil Action No. 1:12-cv-00026-DN<br><br>MEMORANDUM DECISION AND ORDER DENYING RUSSELL BRANDS, LLC'S MOTION TO STAY<br><br><br><br>Judge David Nuffer |

Defendant Russell Brands, LLC ("Russell") filed a motion to stay the litigation (DKT No. 28) on December 11, 2012.  The Court held oral argument on the motion on January 31, 2013.  Having considered Defendant's Motion to Stay and the arguments and submissions of the parties, the Court finds for the reasons detailed in this Order that the motion is hereby DENIED.

Whether to grant a motion to stay is within the court's discretion, and is guided by the following factors: (1) a balancing of the prejudice to the parties; (2) whether a grant of the stay

1

request would simplify the issues before the court; and (3) the stage of the litigation. *See, e.g., Quest Software Inc. v. Centrify Corp.,* 2:10-CV-859 TS, 2011 WL 1085789 (D. Utah Mar. 21, 2011); *Robbins v. H.H. Shoe Co.*, 2009 WL 217074, *2 (S.D.N.Y 2009) (discussing the simplification of issues factor).

Here, the court finds that the prejudice Lifetime would suffer if the motion to stay were granted would be serious, given the unknown term for disposition of the reexamination proceedings. This case involves unique circumstances affecting remaining patent life, because of the significant time (11 ½ years) it took to prosecute U.S. Patent No. 7,749,111 ("the '111 patent"). Equitable concerns related to customer relationships in the market that cannot be addressed by a damages award at the end of the case are also important to consider. Analysis of prejudice is not, however, limited solely to analysis of prejudice to the plaintiff. I have therefore considered prejudice that may accrue to Russell if the motion to stay were denied. The prejudice that would accrue to Russell if the motion to stay were denied is not comparable to the prejudice that would accrue to Lifetime if the motion to stay were granted. I therefore find that the prejudice factor weighs in favor of denying the motion to stay.

I find that the odds of the reexamination proceedings filed by Russell simplifying the issues in this case are slight. There has already been a remarkably extensive process in the Patent Office, and while I understand that Russell believes that it has identified new materials, expert declarations and prior art, this is not the usual case where a patent is issued in a standard process and reexamination is commenced on a blank record. This case involves a reexamination petition on an extraordinarily extensive record in the Patent Office. The issue of simplification of the issues therefore weighs in favor of Lifetime.

With respect to the third factor, this case is at an early stage. A schedule, however, has been set, and the case is running on schedule. While the cases sometimes speak in terms of whether discovery has been completed or a trial date has been set, those are not the only factors to be considered. This case has been pending for nearly a year, and a schedule was set last fall. The parties are moving through the initial stages of claim construction, and while there is a discovery dispute, I find that this case is engaged, and given the context of this case, discussed above, it is my view that that engagement needs to continue.

Based on the reasons detailed above, IT IS HEREBY ORDERED,

That defendant's Motion to Stay (DKT No. 28) is DENIED.

Dated March 5, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge