IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LIFETIME PRODUCTS, INC., a Utah corporation,<br><br>      Plaintiff,<br>v.<br><br>RUSSELL BRANDS, LLC, D/B/A/ SPALDING, a Delaware limited liability company,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART RUSSELL BRANDS, LLC'S [93] RENEWED MOTION TO STAY AND MEMORANDUM IN SUPPORT**<br><br>Case No. 1:12-cv-26 DN<br><br>District Judge David Nuffer |

  This matter came before the court upon Defendant Russell Brands, LLC's ("Russell") renewed motion to stay,[1] in which Russell requests a stay of this litigation pending reexamination of the patents at issue in this case. Plaintiff Lifetime Products, Inc. ("Lifetime") opposes Russell's motion, arguing among other things that this litigation is not in its early stages and that discovery in this case has produced evidence critical to the reexamination proceedings before the United States Patent and Trademark Office (the "USPTO"). For the reasons set forth below, Russell's motion is granted in part and denied in part. Claim construction is stayed until reexamination of the patents at issue in this case is complete, but discovery related to claim construction issues and all other issues will continue until the reexaminations are complete. This order only stays claim construction, and does not stay any other proceedings in this case, including any proceedings related to Russell's amended counterclaims against Lifetime.

---

[1] Docket no. 93, filed July 5, 2013.

## BACKGROUND

Three patents issued to Lifetime, U.S. Patent Nos. 7,749,111 (the "'111 Patent"), 8,033,935 (the "'935 Patent"), and 8,038,550 (the "'550 Patent") (collectively the "Patents"), are the subject of this case. In February 2012, Lifetime commenced this action against Russell, alleging that Russell was infringing each of the Patents. In September 2012, during the pendency of this litigation, Russell requested *inter partes* reexaminations of the '550 Patent and the '935 Patent and *ex parte* reexamination of the '111 Patent. The USPTO granted Russell's request on November 7, 2012. Thereafter, in light of the reexamination proceedings, Russell filed a motion to stay the litigation,[2] which was denied by this court on March 5, 2013.[3] However, since denying Russell's initial motion to stay, the procedural posture and underlying history of the case and the Patents has changed.

In this litigation, the continued engagement of the parties has resulted in further discovery, magnifying and clarifying issues before this court and before the USPTO. The parties progressed towards claim construction, which was originally scheduled for a hearing on September 12, 2013.

The reexamination proceedings before the USPTO have also progressed. On May 31, 2013, the examiner issued an Action Closing Prosecution ("ACP") that rejected all of the claims in the '550 Patent. In response, on July 30, 2013, Lifetime submitted a corrected amendment and response to the ACP. On June 4, 2013, in a non-final office action, all of the claims (1-26) of the '111 Patent were rejected. In response, Lifetime submitted an amendment to the '111 Patent on

---

[2] Docket no. 28, filed December 11, 2012.

[3] Docket no. 64.

August 5, 2013.[4]  Action from the USPTO on the '935 Patent, already amended once before in February 2013, is pending.  In sum, each Patents' prosecution history continues to evolve.

The parties dispute the relative materiality of the amendments to the Patents.  Lifetime contends that the amendments have been minor and that the reexaminations do not warrant staying this litigation.  Russell argues that a stay is warranted because the amendments have been significant, with two of the three Patents (the '111 Patent and the '935 Patent) still open for future amendment.

Aside from the dispute about whether the evolving prosecution history necessitates a stay, the parties also dispute continued discovery in this case.  Russell notes that discovery is not available in proceedings before the USPTO and contends that Lifetime is using the discovery process in this case to collect information for use in the reexamination proceedings.  Lifetime, on the other hand, claims that this litigation should not be stayed and that discovery should continue because it has unearthed critical information for use before the USPTO that would otherwise be unavailable in the reexamination proceedings.  The parties also dispute the effect of Russell's recently filed amended answer and counterclaims against Lifetime,[5] which Lifetime vigorously resists.  Lifetime claims that Russell's amended counterclaims support denial of Russell's motion to stay because the amended counterclaims necessitate defense of the claims.  Russell argues that a stay is still proper, notwithstanding the content of its amended counterclaims against Lifetime.

---

[4] This amendment, which was mailed to the USPTO only 38 days before the scheduled claims construction hearing, added 30 new claims to the '111 Patent.

[5] Docket no. 132, filed September 9, 2013.

**DISCUSSION**

Whether to grant a motion to stay is within the discretion of the court, which considers the following factors: (1) whether granting a stay would likely simplify the issues before the court; (2) the stage of the litigation; and (3) a balancing of prejudice to the parties.[6]

The first factor, whether granting a stay will simplify issues before the court, weighs heavily in favor of staying claims construction. Since commencement of this litigation, each of the Patents has been amended at least once, and the prosecution history for each of the Patents has evolved and continues to evolve since the court entered its March 5, 2013 order denying a stay.[7] Submissions to the USPTO as part of the reexamination proceedings continue to be made by the parties,[8] and both the '111 Patent and the '935 Patent remain subject to further amendment in response to USPTO action. In the reexamination proceedings of the '550 Patent, on May 31, 2013, in an Action Closing Prosecution, the examiner rejected all 37 claims of the '550 Patent.[9] In response to the ACP in the '550 Patent reexamination, on July 30, 2013 Lifetime submitted another response and amendment to the '550 Patent.

This evolving prosecution history renders claim construction difficult at this stage in the litigation because "[w]hen construing claim terms, [courts] first look to, and primarily rely on, the intrinsic evidence, including the prosecution history and the specification…"[10] Given the

---

[6] *See e.g., Quest Software Inc. v. Centrify Corp.*, 2:10-cv-859 TS, 2011 WL 1085789 (D. Utah Mar. 21, 2011); *C.R. Bard, Inc. v. Angiodynamics, Inc.*, Case No. 2:12-cv-35 RJS, 2012 U.S. Dist. LEXIS 147541 (D. Utah Oct. 12, 2012).

[7] Docket no. 64.

[8] The '111 Patent is under *ex parte* reexamination proceedings, while the '550 Patent and the '935 Patent are under *inter partes* reexamination proceedings.

[9] Docket no. 93-7, filed July 5, 2013.

[10] *SkinMedica, Inc. v. Histogen Inc.*, Case No. 2012-1560, 2013 WL 4487603 (Fed. Cir. Aug. 23, 2013) (*citing Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed.Cir. 2005) (en banc)).

4

ever-changing prosecution history and the continued amendments to the Patents, the first factor weighs heavily in favor of staying claims construction.

The second factor, the stage of the litigation, also favors a stay. Although this case was on the cusp of claims construction,[11] in light of the recent amendments to each of the Patents, and the potential for future amendments, construing claims is premature. Engaging in claims construction now while the Patents' prosecution history continues to evolve would be a needless waste of the court's and the parties' resources.

Finally, when balancing the potential prejudice to the parties, the court continues to be mindful of the remaining life of each of the Patents and the potential prejudice that Lifetime may suffer as a result of a stay. On the other hand, if the case is not stayed, Russell may suffer prejudice from participating in claims construction while the underlying prosecution history of each of the Patents is changing. Weighing the potential prejudice each of the parties may suffer, the court finds that the balance of potential prejudice tips in favor of Lifetime. However, this potential prejudice does not outweigh the effect of the other two factors in this case, both of which weigh heavily in favor of staying claims construction until the reexaminations of each of the Patents is complete.

Having evaluated the foregoing factors concerning whether to stay this case, stay of claim construction is warranted. Staying claims construction (i) will allow the parties to resolve issues currently being raised in the reexaminations of each of the Patents; (ii) will provide the court with a complete prosecution history on which to rely when construing claim terms; and (iii) will prevent the court from wrestling with an evolving prosecution history and changing or additional claim terms during the claims construction process, or worse, after it is complete. Staying the

---

[11] The claims construction hearing was originally scheduled to be held on September 12, 2013.

entire litigation, however, is unwarranted; only claim construction is stayed by virtue of this order. The litigation shall proceed with respect to Russell's amended counterclaims against Lifetime, including the inequitable conduct claim. Regarding ongoing discovery, the court finds benefit to allowing discovery related to claims construction to continue until the reexaminations are complete with respect to each Patent.

## ORDER

IT IS HEREBY ORDERED that claim construction is stayed until reexamination of each of the Patents is complete, or until other good cause is shown by motion of either party.

IT IS FURTHER ORDERED that discovery related to claims construction issues shall continue with respect to each Patent until reexamination of that Patent is complete.

IT IS FURTHER ORDERED that litigation of Russell's amended counterclaims shall continue during the stay of claim construction.

Signed September 24, 2013.

BY THE COURT:

_David Nuffer_
David Nuffer
United States District Judge