IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LIFETIME PRODUCTS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL BRANDS, LLC, d/b/a SPALDING, a Delaware limited liability company<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART RUSSELL BRANDS'S APPLICATION FOR ATTORNEYS' FEES (ECF NO. 338)**<br><br>Case No. 1:12-cv-00026-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Defendant Russell Brands, LLC ("Russell") filed an Application for Attorneys' Fees pursuant to this Court's Order, (ECF No. 300), granting Russell's Motion to Compel Deposition Testimony from Lifetime Products, Inc., ("Lifetime"), Regarding Topics 72, 74, 76, 114–16, 119–20. (ECF No. 338.) After considering the Application, the accompanying Declaration of Jeffrey D. Dyess, (ECF No. 338-1), and Lifetime's Opposition, (ECF No. 339), the Court GRANTS in part and DENIES in part Russell's Application, (ECF No. 338). As further detailed herein, the Court excludes Russell's requested attorney fees for meet-and-confer efforts and grants the remaining fees.

In the Order granting the related motion to compel, this Court awarded Russell's "costs and fees in bringing this Motion." (Order 3, ECF No. 300.) Subsequently, Russell submitted its present Application and an accompanying affidavit reflecting that Jeff Dyess spent 45.25 hours, Thomas Richie spent 17.0 hours, Nathan Johnson spent 8.75 hours, and Uta Wendland spent 5.0

1

hours in connection with this discovery dispute, totaling $30,520.25 in attorney fees. (*See* Decl. of Jeffrey D. Dyess ("Dyess Decl.") 10, ECF No. 338-1.)

Lifetime opposes Russell's proposed fees, arguing that the requested fee amount impermissibly includes time spent on meet-and-confer efforts and on discovery and case management issues unrelated to Russell's motion to compel. (Lifetime's Resp. and Opp'n to Russell's Appl. for Att'ys' Fees (Opp'n) 2, ECF No. 339.) Lifetime does not contest the reasonableness of Russell's remaining fees after excluding Russell's fees for conferral efforts prior to initiating the motion to compel and the "comingled" fees on discovery issues outside of the scope of the motion. (*Id.* at 2, 9–10.) Lifetime also argues Russell's Application is overbroad and thus seeks to reduce Russell's fees incurred with preparing its fee application by fifty-percent. (*Id.* at 10.) Lifetime submits Russell's fee award should not exceed $5,706.75. (*See* Exhibit A to Opp'n, ECF No. 339-1.)

Rule 37(a)(5)(A) requires a court to award the party prevailing on a motion to compel discovery its "reasonable expenses incurred in making the motion, including attorney's fees," unless the moving party failed to comply with the "meet and confer" requirement, the opposing party had substantial justification for its position, or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Discretion to determine the amount of a fee award lies with the district court. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Having previously granted Russell's costs and fees in bringing this motion, (ECF No. 300), the Court now turns to the reasonableness of Russell's fee application. After reviewing Russell's fee declaration, (ECF No. 338-1), the Court finds Russell's fees for meeting and conferring unrecoverable.

Lifetime first argues that courts do not normally award fees for the parties' meet-and-confer efforts prior to bringing a discovery motion because the local rules require such efforts and awarding fees for good faith conferral efforts would discourage resolution of difficult or contentious discovery issues.  (*See* Opp'n 4–5, ECF No. 339.)  Lifetime points the Court to *digEcor, Inc. v. E.Digital Corp.*, where the parties had "several oral and written communications regarding the inadequacy of e.Digital's document production and responses to interrogatories," but the court did not award fees for the parties' efforts to meet and confer to resolve the discovery dispute, instead limiting the award to fees starting "the day on which digEcor began work on this motion [to compel]."  No. 2-06-cv-437-TS, 2008 WL 803108, at *1, *6 (D. Utah Mar. 22, 2008) (unpublished).  Another case from this district states "[n]o fees or expenses related to the meet and confer effort will be awarded" on a motion for sanctions for deposition misrepresentations, explaining that the meet and confer fees were "relatively little," and the court wanted "to encourage time spent in those efforts."  *Clearone Commc'ns, Inc. v. Chiang*, No. 2:07-cv-37-TC, 2008 WL 704228, at *6 (D. Utah Mar. 10, 2008) (unpublished).

Lifetime also cites a number of out-of-circuit cases where district courts declined to award fees for good faith efforts to meet and confer to resolve disputes prior to court intervention as mandated by Federal Rule of Civil Procedure 37(a)(1) and local rules of civil practice.  *See, e.g.*, *Aevoe Corp. v. AE Tech Co.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 5324787, at *6 (D. Nev. Sept. 20, 2013) (unpublished) ("[A]ttorneys' fees are generally not awarded in this District for time spent meeting and conferring on motions to compel."); *Matlink, Inc. v. Home Depot, Inc.*, No. 07cv1994-DMS (BLM), 2008 WL 8504767, at *5 (S.D. Cal. Oct. 27, 2008) (unpublished) ("[F]ees associated with the initial meet and confer process logically should not always be included in the fee award."); *Uszak v. Yellow Transp., Inc.*, No. 1:06-cv-00837, 2007

WL 2085403, at *8 (N.D. Ohio July 13, 2007) (unpublished) ("Yellow Transportation is not entitled to fees for counsels' preliminary discovery-related work including good faith attempts at resolving a discovery dispute such as correspondence with opposing counsel or efforts to resolve the discovery issue informally."), *R. & R. adopted by* Uszak v. Yellow Transp, Inc., 2008 WL 2884133, at *1 (N.D. Ohio July 21, 2008) (unpublished), *aff'd as to Rule 37 fee award*, 343 F. App'x 102, 108 (6th Cir. 2009) (unpublished).

The Court agrees that Russell should not recover for time spent in good faith meet and confer efforts, including drafting and reviewing correspondence and preparing and partaking in meet-and-confer calls. Federal Rule of Civil Procedure 37 and Local Rule 37-1 require the parties to undertake these discussions to resolve discovery disputes without court involvement, and courts in this district encourage time spent in those discussions. *See Clearone*, 2008 WL 704228, at *6. Lifetime engaged in the meet and confer process actively and in good faith. Russell's Application shows that the parties' exchange of e-mails on September 11 and 16, 2015 concluded their attempts to resolve the deposition dispute that formed the basis of the relevant motion to compel. (Dyess Decl. 8, ECF No. 338-1.) Russell appears to begin work on its motion to compel on June 9 through June 11, 2015 and then again in earnest on November 4, 2015, when it records time gathering exhibits and other documents for use in connection with the motion to compel. (*Id.* at 7, 9.) Therefore, the Court excludes Russell's fees for meeting and conferring on this matter (totaling $22,106.25 or 51.25 hours). (*See* Dyess Decl. 4–8, ECF No. 338-1.) While Russell spent substantial time conferring with Lifetime to resolve this discovery issue, the Court finds both parties acted in good faith in endeavoring to resolve the dispute without court involvement by attempting to craft special interrogatories in lieu of reopening the

4

deposition. While the attempt proved unsuccessful, the Court will not punish Lifetime for the effort.

Russell notes that the Court previously awarded Lifetime a limited amount of fees for correspondence and a telephone conference on an earlier discovery dispute. (*See* Order, ECF No. 156; Decl. of Brent P. Lorimer in Support of Lifetime's Appl. for Att'ys' Fees ("Lorimer Decl.") 3, ECF No. 119.) However, as Lifetime responds in its Opposition, the discovery dispute involved Russell's prior counsel's unresponsiveness in resolving the dispute, (Opp'n 6, ECF No. 339), and the Court found Russell did not have good cause for the delay in complying with its discovery obligations. (Order 2 n.2, ECF No. 109.)

Courts have awarded meet and confer fees when circumstances justify the award, such as when a party fails to engage meaningfully and in good faith in the meet and confer process. *See Matlink*, 2008 WL 8504767, at *5 (noting that because the local rules require counsel to meet and confer, such fees "logically should not always be included in a fee award," but awarding fees for half of such hours where opposing party "stonewalled" the meet and confer process until the "eleventh hour"); *Grimsley v. Charles River Labs.*, No. 3:08-cv-482-LRH-VPC, 2010 WL 3238950, at *1–3 (D. Nev. Aug. 13, 2010) (unpublished) (affirming award of fees for time spent on meet and confer efforts for party opposing motion to compel where movant failed to comply with a court order to make a "sincere effort to resolve [the] discovery disputes"). Lifetime also notes that its earlier fee application reflected a relatively minimal amount of fees, and excluded many further conferral efforts by the parties after Russell engaged new counsel. (Opp'n 6, ECF No. 339; *see* Lorimer Decl. 3–4, ECF No. 119.) These issues do not appear in this instance.

Lifetime also argues certain time entries Russell reports improperly include work on discovery disputes unrelated to the motion to compel. (*See* Opp'n 7, ECF No. 339.) Lifetime

5

points to several entries that include work on discovery disputes that did not form the basis of Russell's motion to compel. (*See* Opp'n 7–8, ECF No. 339.) The Court agrees that several of Russell's time entries report comingled work that includes issues both related and unrelated to the relevant motion to compel. However, the Court already excluded these fees as part of the parties' good faith meet-and-confer efforts, thus mooting the issue.

Finally, Lifetime argues the Court should reduce Russell's fees associated with bringing the motion to compel by fifty-percent to account for the Application's overbreadth and, thus, the inflated time spent on its preparation. (Opp'n 9, ECF No. 339.) The Court finds this reduction unreasonable because this Court has awarded fees for meeting and conferring in this matter previously. Therefore, Russell had a reasonable basis to include this request.

For the foregoing reasons, the Court finds Lifetime liable to Russell for the reasonable attorneys' fees incurred by Russell in pursuit of its Motion to Compel, (ECF No. 290), in the amount of $8,414.00.

Within thirty days of the date hereof, Lifetime shall pay to Russell $8,414.00.

DATED this 23rd day of September, 2016.

                              BY THE COURT:

                              EVELYN J. FURSE
                              United States Magistrate Judge