IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LIFETIME PRODUCTS, INC., a Utah corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>RUSSELL BRANDS, LLC D/B/A SPALDING, a Delaware limited liability company,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART LIFETIME'S MOTION TO SEVER AND STAY**<br><br><br>Judge David Nuffer<br>Magistrate Judge Evelyn Furse<br><br>Case No. 1:12-cv-00026-DN-EJF |

Lifetime moves to "sever and stay all claims and defenses related to infringement and invalidity (but not inequitable conduct) . . . related to U.S. Patent Nos. 8,038,550 ('550 patent') and 8,033,935 ('935 patent')" ("Motion to Sever and Stay").[1] For the reasons below, the Motion to Sever and Stay is GRANTED IN PART and DENIED IN PART. The portion of the Motion requesting severance is denied, and the case is stayed until a final, non-appealable decision is reached on the '550 and '935 patents.

---

[1] Lifetime's Motion to Sever and Stay Claims related to U.S. Patent Nos. 8,038,550 and 8,033,935 ("Motion to Sever and Stay"), docket no. 446, filed July 15, 2016.

# BACKGROUND

In September 2013, this case was partially "stayed until reexamination of each of the Patents is complete, or until other good cause is shown by motion of either party."[2] In 2014, Lifetime moved to lift the stay.[3] Lifetime stated that reexamination of the '111 Patent was complete and that reexaminations of the '935 and '550 patents were "not technically complete," but that the examiner had approved the amended claims and "reexamination certificates are not a prerequisite to lifting the stay on claim construction—especially when no productive purpose will be served by further delay."[4] Lifetime stated that the reexamination proceedings for the '935 and '550 patents were "sufficiently complete" for the stay to be lifted.[5] Lifetime recognized that Russell still had appeal rights as to the examiner's decision on the '935 and '550 patents, but stressed that "there is simply no compelling reason to believe that the USPTO will change course" and there was little likelihood that the '935 or '550 patents would be amended any further.[6] And even though Lifetime acknowledged that "the USPTO technically still retains jurisdiction over the '935 and '550 patents until the reexamination certificates issue,"[7] Lifetime's motion was granted and the stay was lifted.[8] From today's vantage point, over two years later, the order lifting stay was unwise.

---

[2] Memorandum Decision and Order Granting in Part and Denying in Party Russell Brands, LLC's [93] Renewed Motion to Stay and Memorandum in Support at 6, docket no. 137, filed Sep. 25, 2013.

[3] Lifetime Products, Inc.'s Motion to Lift Stay on Claim Construction or, in the Alternative, Dismiss Certain Claims, docket no. 171, filed May 28, 2014.

[4] *Id.* at ii.

[5] *Id.*

[6] *Id.* at 5-6.

[7] *Id.* at 3.

[8] Order Granting Lifetime Products, Inc.'s Motion to Lift Stay on Claim Construction, docket no. 194, entered July 28, 2014.

After the order lifting the stay was issued, Russell appealed the examiner's decision on the '935 and '550 patents. The PTAB held oral argument on Russell's appeal in November 2015, but has not yet issued a decision. Once the PTAB issues its ruling on the '935 and '550 patents, the parties will be entitled to another level of appeal with the Federal Circuit. Thus, a final, non-appealable decision on the '935 and '550 patents could still be more than a year away.

Despite the lack of finality with respect to the '935 and '550 patents, this litigation has proceeded. Since the partial stay was lifted in 2014, pleadings have been amended which added counterclaims and additional patents; further discovery has taken place; and summary judgment motions have been briefed and filed.

One of the arguments Russell raises in support of summary judgment is that Russell does not infringe the claims of the '935 or '550 patents. However, because reexamination certificates have not issued with respect to those patents, it is unclear what the claims are and it is therefore impossible to know whether Russell has infringed the claims. Russell's summary judgment motion argues that the non-final status is easily overcome if the court simply considers only the original claims before amendment, but Lifetime argues this approach is untenable because the original claims have been amended, and approved as amended, so the original claims no longer exist. Summary judgment of non-infringement of the original claims, then, Lifetime argues, would be useless. But Lifetime also admits that it cannot assert the amended claims because they have not yet officially issued.

For these reasons, Lifetime believes it would be sensible to sever the issues related to the '935 and '550 patents (except inequitable conduct) and stay those issues while resolution of the issues related to the '111 patent moves forward. Russell disagrees with this idea, stating that it would be unworkable and wasteful because it would result in "two nearly identical trials"—one

on the '111 patent, and another on the '935 and '550 patents, which are continuations of the '111 patent. Russell argues that the court "should either deny the motion in its entirety and allow the case to proceed as Lifetime has litigated it or, in the alternative, stay the case in its entirety."[9]

## DISCUSSION

Claims currently under reexamination should not be considered by this court. Other cases have illustrated the need for a district court to stay its consideration of claims under reexamination because of the prospect of inconsistent rulings.[10] For this reason, Russell's suggestion that the case proceed on the '550 and '935 patent claims is unworkable because of the significant potential of inconsistent rulings. For example, if the PTAB or Federal Circuit invalidate or amend certain claims of the '935 or '550 patent, but this court proceeds to trial and a jury has awarded damages on those invalidated or amended claims, significant problems arise. Thus, the only viable alternatives are to stay the entire case as Russell suggests, or sever and stay the part of the case dealing with the '550 and '935 patents, as Lifetime suggests.

For the reasons discussed below, the entire case will be stayed because severance would not serve the ends of justice or further the prompt and efficient disposition of litigation. Instead, severance would cause prejudice, confusion, and cumulative process. In addition to the possibility of inconsistent results discussed above, there is also the possibility of inconsistent results if a trial is held on the '111 patent, but the appeals process results in amendment or invalidation of the claims in the '935 or '550 patents which are very similar to the '111 patent claims.

---

[9] Defendant's Response in Opposition to Plaintiff's Motion to Sever and Stay Claims Related to U.S. Patent Nos. 8,038,550 and 8,033,935 (Dkt. 446) ("Opposition"), docket no. 502, filed Aug. 1, 2016.

[10] *See, e.g.*, *ePlus, Inc. v. Lawson Software, Inc.*, 789 F.3d 1349 (Fed. Cir. 2015) (vacating district court's decision after USPTO cancelled claims in reexamination); *Fresenius USA, Inc. v. Baxter International, Inc.*, 721 F.3d 1330, 1344, 1347 (Fed.Cir.2013) (holding that judgment must be set aside in light of reexamination decision to cancel claims).

Rule 21 states that a district court "may . . . sever any claim against a party."[11] When considering whether to sever claims, the question to be answered is whether severance "will serve the ends of justice and further the prompt and efficient disposition of litigation."[12] The factors to be considered are: the potential prejudice to the parties, the potential confusion to the jury, and the relative convenience and economy.[13] "[A] court has virtually unfettered discretion in determining whether or not severance is appropriate."[14]

## Severance Would Result in Prejudice to Both Parties

Lifetime argues that if the entire case is stayed, it faces the "significant prejudice . . . of further delaying enforcement of its patent rights to exclude Russell from using the patented technology."[15] Specifically, Lifetime asserts that a complete stay will prejudice Lifetime because Lifetime will not be able to stop Russell from infringing its '111 patent.

Injunctive relief is an important remedy for a patent holder, but to obtain injunctive relief—even permanent injunctive relief—the patentee must be able to show that it is entitled to such relief by establishing the four factors that are traditionally applied when a party requests an injunction.[16] Lifetime has not established those four factors. Significantly, Lifetime has never brought a motion for preliminary injunctive relief even though this case has been pending for

---

[11] Fed. R. Civ. P. 21.

[12] *CVI/Beta Ventures, Inc. v. Custom Optical Frames*, Inc., 896 F. Supp. 505, 506 (D. Md. 1995).

[13] *AG Equip. Co. v. AIG Life Ins. Co.*, No. 07-CV-0556CVEPJC, 2009 WL 236019, at *2 (N.D. Okla. Jan. 29, 2009) (*quoting In re Beverly Hills Fire Litigation*, 695 F.2d 207, 216 (6th Cir.1982)).

[14] *17th Street Assocs. v. Markel Int'l Ins. Co.*, 373 F. Supp. 2d 584, 598 n. 9 (E.D. Va. 2005) (citation omitted).

[15] Motion to Sever and Stay at 3.

[16] *eBay*, 547 U.S. at 391 ("According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.").

several years. This weighs against a finding of irreparable harm.[17] Thus, the present need for injunctive relief as to the '111 patent is uncertain.

Furthermore, there is no absolute entitlement to an injunction in a patent case; the award of injunctive relief is discretionary.[18] Lifetime does not point to any specific interest that needs protection through injunctive relief. Instead, it asserts generally that it has a right to an injunction,[19] and that its right should be protected. But this is not enough, especially when considering that Lifetime has not moved for preliminary injunctive relief and may still be awarded money damages from Russell for any infringement that occurred during the life of the patents.[20] The availability of money damages "is particularly significant when, as here, the patentee can point to no specific interest that needs protection through interim equitable relief."[21]

Although "the nature of the patent grant weighs against holding that monetary damages will always suffice to make the patentee whole[,]" there is also "no presumption that money damages will be inadequate" in a patent infringement action.[22] Accordingly, Lifetime's argument that it is prejudiced by an inability to obtain injunctive relief must be considered in light of Lifetime's ability to obtain money damages, the absence of a motion for preliminary injunctive

[17] *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 1017 (10th Cir. 2004) ("[E]ither party's willingness to put up with a situation in the past can serve as an indication that the party's injury is not as serious as alleged, or that the party has implicitly consented to the supposed injury."); *see also Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1325–26 (Fed. Cir. 2012) ("[D]elay in bringing an infringement action and seeking a preliminary injunction are factors that could suggest that the patentee is not irreparably harmed by the infringement.").

[18] 35 U.S.C. § 283 (stating that "courts having jurisdiction" of patent cases "*may* grant injunctions . . . on such terms as the court deems reasonable").

[19] Lifetime's Reply in Support of Its Motion to Sever and Stay Claims Related to U.S. Patent Nos. 8,038,550 and 8,033,935 ("Reply") at 1, docket no. 545, filed Aug. 18, 2016 ("If Russell can continue to delay the entire case (through stays and reexamination proceedings) until the patents expire, it can avoid an injunction.").

[20] *See, e.g.*, *Phonometrics, Inc. v. Hosp. Int'l, Inc.*, 120 Fed.Appx. 341, 342 (Fed.Cir.2005) (unpublished) (holding that a plaintiff that sued four years after its patent expired could recover for infringement for the two year period prior to expiration).

[21] *High Tech Med. Instrumentation, Inc. v. New Image Indus.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995).

[22] *Id.*

relief, no current showing of irreparable harm, and Lifetime's failure to establish the other factors necessary for severance, as discussed in the other sections of this memorandum decision and order.

While Lifetime places the blame for delay on Russell, it has not identified anything Russell has done to wrongfully prolong the process. Russell's challenges in the PTAB to the '550 and '935 patents appear to be allowed under existing patent law. Lifetime cannot argue that Russell's invocation of those laws to protect its appeal rights is inappropriate. Lifetime is correct that a protracted appeals process might not be efficient, but this does not mandate a finding of prejudice for Lifetime.

### Severance Would Confuse a Jury

Lifetime is correct that "keeping the '935 and '550 patents in the case will confuse the jury."[23] But putting a severed case before a jury would cause confusion as well. Because the claims of the '111, '935, and '550 patents are so similar, rulings on reexamination of the '935 and '550 patents could have an effect on a case proceeding in this court on the '111 patent. Decision on reexamination, depending on the stage of the case in this court, could result in great confusion. For this reason, the case should not proceed to trial on the '935 and '550 patents until final reexamination certificates on those patents have issued. And this case should not move forward on the '111 patent until all claims in the patent family are clarified.

Lifetime argues that it is unlikely that the examiner's decision would change, but this is not certain. It is possible that the PTAB or the Federal Circuit could decide against the examiner's decision, in which case the claims of the '935 and '550 patent could be amended. And because the claims of the '935 and '550 patents are so similar to the claims of the '111

---

[23] Motion to Sever and Stay at 4.

patent, such a result would be extremely confusing to a jury, the parties, and the court. It might be that the final decision in the process of review of those patents could be inconsistent with a jury verdict and the instructions given to reach it. There is no way to determine the timing or the result of the appeals process, so it would be imprudent to move forward now with litigation on the '111 patent. All claims in this patent family should be litigated together to avoid confusion. Severance does not avoid confusion. Severance could likely create great confusion.

### Severance Would Not Be Economical

As Lifetime acknowledges, "severing claims arising out of a similar transaction or occurrence weighs against conserving judicial resources as duplicate trials to decide similar facts is generally viewed as wasteful."[24] This is correct. Any future trial on the '550 and '935 patents would be very similar and duplicative to a trial on the '111 patent. That is because the patents at issue are all in the same family and the same products are accused of infringement with respect to all patents. Thus, severance is likely to "result in two trials that will involve overlapping if not identical evidence regarding similar claims asserted against a likely identical list of products. That is the definition of wasting judicial and party resources."[25]

Lifetime "acknowledges the possibility of a separate trial for these separate patents," but argues that Russell's "hypothetical . . . fear of gearing up for 'two identical trials' may never actually play itself out" if Lifetime prevails on the '111 patent.[26] Lifetime's argument is based on a hypothetical as well—that Lifetime prevails on the '111 patent claims and that no substantial changes in the claims occur in the current administrative process. A complete stay resolves the disagreement among the parties about whether two trials will actually be necessary.

---

[24] *Id.* at 4-5 (citing *Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc.*, 918 F. Supp. 343, 350 (D. Kan. 1996)).

[25] Opposition at 7.

[26] Reply at 3, n. 8.

Moving forward with litigation on the '111 patent while the '550 and '935 patents are still under reexamination is risky. While Lifetime believes it can conserve future judicial resources by moving forward now on the '111 patent,[27] and Russell believes two trials would absolutely be necessary, these arguments are based on assumed outcomes that have not taken place. The truth is that severing the claims of the '935 and '550 patents from the '111 patent increases the probability of duplicative litigation. Accordingly, to foster economical resolution of these issues, the reexamination and appeals process must be allowed to take place, final determinations on the '935 and '550 patents must be issued, and all the claims in the patent family may then be litigated in a single action together.

## Conclusion

Because severance would result in prejudice, confusion, and may result in cumulative process, severance should not be allowed.

## ORDER

IT IS HEREBY ORDERED that the Motion to Sever and Stay[28] is GRANTED IN PART and DENIED IN PART. The portion of the Motion requesting stay is GRANTED and the portion of the Motion seeking severance is DENIED. The case is stayed until a final, non-appealable decision is reached on the '550 and '935 patents at the conclusion of all applicable appeals.

IT IS FURTHER ORDERED that the Clerk is directed to ADMINISTRATIVELY CLOSE this case during the pendency of the appeals process on the '550 and '935 patents. All pending motions are mooted during this administrative closure, but are subject to being reopened or renewed when (1) a *final, non-appealable* decision on the '550 and '935 patent claims is

---

[27] Motion to Sever and Stay at 5.

[28] Lifetime's Motion to Sever and Stay Claims related to U.S. Patent Nos. 8,038,550 and 8,033,935, docket no. 446, filed July 15, 2016.

issued; and (2) a joint motion is filed within 30 days of such a decision, attaching the decision;

explaining how the decision is final; and identifying which motions need to be reopened,

renewed, or refiled, and with respect to which patents.

IT IS FURTHER ORDERED that every six months, beginning in January 2017, the

parties must submit a joint status report regarding the status of the case.


Dated September 29, 2016.


BY THE COURT:

David Nuffer
United States District Judge